UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DIRECTV, INC., :
: CASE NO. 4:04-CV-148
      Plaintiff, :
: JUDGE ADAMS
    v. :
:
ANTHONY NIARHOS, :
:
      Defendant. :

**STIPULATION AND ORDER OF PERMANENT INJUNCTION**
**(DEFENDANT ANTHONY NIARHOS)**

    Plaintiff DIRECTV, Inc. ("DIRECTV"), and defendant Anthony Niarhos (the "Defendant"), stipulate and agree that the Court may enter the following Permanent Injunction without further notice or process:

    1.    The Defendant, and each and every person or entity controlled directly or indirectly by the Defendant, is hereby permanently enjoined and restrained from:

        (a)    receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

        (b)    designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing, selling, or using any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming;

        (c)    advertising the sale of any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services in support thereof; or

        (d)    reverse engineering or attempting to reverse engineer any of DIRECTV's products, services or technologies, including without limitation the encryption and security controls for the DIRECTV satellite system.

    2.    This Permanent Injunction shall apply to the Defendant's activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin America (also known as Galaxy Latin America) satellite system, and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future.

    3.    The Defendant, and each and every person or entity controlled directly or indirectly by the Defendant, is hereby permanently enjoined and restrained from:

        (a)    investing or holding any financial interest in any enterprise which the Defendant knows is engaging now, or planning in the future to engage in, any of the activities prohibited by this Permanent Injunction; or

        (b)    knowingly allowing any persons or entities, which the Defendant controls, either directly or indirectly, to engage in any of the activities prohibited by this Permanent Injunction.

    4.    In the event that the Defendant becomes aware that an enterprise, in which the Defendant has invested or holds any financial interest, is engaged in any of the activities prohibited by this Permanent Injunction, the Defendant agrees to immediately divest the Defendant of any such investment or financial interest and to promptly notify DIRECTV of the same.

    5.    The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction.  The Defendant specifically consents to personal jurisdiction and venue in the United States District Court for the Northern District of Ohio.

    6.    Upon proof of any violations by the Defendant of the provisions of this Permanent Injunction, and upon notice to the defendant and an opportunity to be heard, the Court

shall be authorized to award damages to DIRECTV for losses sustained prior to the date of this Permanent Injunction, in addition to any other damages or other relief authorized by law.

Respectfully submitted,

_____  
David A. Wallace (0031356)  
Carpenter & Lipps LLP  
280 Plaza, Suite 1300  
280 North High Street  
Columbus, Ohio 43215  
(614) 365-4100 (Telephone)  
(614) 365-9145 (Facsimile)  
wallace@carpenterlipps.com

Attorney for Plaintiff  
DIRECTV, Inc.

_____  
Thomas L. Mikulka, Esq.  (0069692)  
Anzellotti, Sperling, Pazol  
& Small Co. LPA  
21 North Wickliffe Circle  
Youngstown, Ohio 44515  
(330) 792-6033 (Telephone)  
(330) 793-3384 (Facsimile)  
tlmikulka1@aol.com

Attorney for Defendant  
Anthony Niarhos

IT IS SO ORDERED.

DATED: __June 17__, 2005.        __s/John R. Adams__  
The Honorable John R. Adams  
United States District Judge

3

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was filed electronically or served on June 15, 2005. Notice of this filing will be sent to the parties listed below with the designation of "ECF" by operation of the Court's electronic filing system, and those parties may access this filing through the Court's system.

Thomas L. Mikulka, Esq. *(ECF)*
Anzellotti, Sperling, Pazol
& Small Co. LPA
21 North Wickliffe Circle
Youngstown, Ohio 44515
*Attorney for defendant Anthony Niarhos*

/s/ David A. Wallace
One of the Attorneys for Plaintiff
DIRECTV, Inc.

419.341.169971